IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW JERSEY.

FEBRUARY TERM, 1897.

---

CITY OF PERTH AMBOY v. HUGH RAMSAY.

If a trustee having the legal estate divests it by deed in due form, he cannot, in a court of law, deny the title so created.

---

Rule to show cause.

Argued at November Term, 1896, before BEASLEY, CHIEF JUSTICE, and Justices VAN SYCKEL, GARRISON and LIPPINCOTT.

For the plaintiff, *Edward Q. Keasbey.*

For the defendant, *Cortlandt & Richard Wayne Parker.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.   This is an action of ejectment brought by the city of Perth Amboy against the defendant,. Ramsay.

VOL. XXXI.            1

At the trial before me, in the Middlesex Circuit, the undisputed facts were as follows, to wit: The premises in question came directly from the board of proprietors, which, on May 21st, 1802, directed that a warrant be issued to the surveyor-general, directing him to lay out and survey to three members of the board in trust, to be conveyed to the mayor, recorder, aldermen and commonalty of the city of Perth Amboy, "the market square, cove or wet dock, and all and every the streets in the said city, to be held in trust for the use of the inhabitants of the said city forever, upon condition that said streets and square be kept open in full size and breadth, and that the cove or wet dock be made use of for the benefit of the inhabitants of said city as they shall think fit, provided that they do not alienate the same or any part thereof."

This survey having been duly made and returned, the realty thus described became vested in fee in the three designated proprietors, who afterwards, on October 4th, 1825, conveyed it in fee to the city of Perth Amboy, their successors and assigns, "in trust nevertheless for the use of the inhabitants of said city forever, on condition," &c., such condition being set out in the terms of the order for the survey, and which are above recited.

The effect of this course of conveyancing was to transfer to this municipal corporation the fee in the lands in question, to be appropriated to the use of the public in the modes prescribed.

In this situation of the title, the city, in its corporate capacity, made a lease under seal for ninety-nine years of the cove above designated, for certain considerations and to a certain person therein mentioned, and it is under this instrument that the defendant, as assignee, now holds.

These facts being developed at the trial, it seemed to me expedient that I should nonsuit the plaintiff *pro forma* in order to deliberately examine the legal effect of the facts with reference to the right of the plaintiff to maintain his action. This course being consented to by counsel by the method

thus pursued, the question referred to is now before this court for decision.

The inquiry thus arising is obvious, and it is this: Can this corporation, being the holder of the title in fee-simple, repudiate in a court of law the title to the leasehold which itself created by its own deed?

On the part of the plaintiff, it is claimed that the corporate body held these premises in trust, and for it to demise them was a plain breach of trust, and therefore the transfer in question cannot stand. Many authorities are referred to in the brief of the counsel of the plaintiff in order to show that this lease was in violation of the duty of this corporate trustee, and that, therefore, it could not be sustained. But all this learned line of argument has no place whatever in our present inquiry, for our present problem is not whether this trust has been violated by the trustee, but to determine whether this court has the power to decide what the trust is, which is a prerequisite to the consideration whether there has been a breach of it. But, assuming that the transfer of this property by the demise above mentioned was a plain breach of trust, it seems to be entirely clear that, as the title was thus divested in a legal form, such title cannot be impeached in a court of law. This rule is settled by the decisions and is stated as settled by all the text-writers. At law, the equitable title passes for nothing. So completely is this the case that the trustee having the legal title can maintain ejectment against his own *cestui que trust*, who has the equitable right of possession, and the latter, if he would protect his right, must have recourse to an injunction in equity. *Lew. Trusts* 16; 1 *Perry Trusts*, §§ 17, 321, 328, 428.

The plain reason for this is that it is the province of a court of equity, and not of a purely legal tribunal, to construe the instrument creating the limitation in trust.

In the present case, the fee-simple is vested in this corporate plaintiff, and the conveyance devoted the premises to certain charitable uses, and the proposition is that this court shall decide what such uses are and how they are to be

enjoyed. On the side of the defendant, it is insisted that the premises in suit, being the cove in dispute, could not be put out under a lease without infringing the regulations established by the donor, while for the defence it is contended that if this land is " to be made use of for the benefit of the public," according to the limitations of the instrument, that to demise it is the best mode of carrying into effect the purposes of the grant. And this disagreement a court of law is called upon to arbitrate, ascertaining the interest of the settler and preventing the trustee from infringing such interest. Plainly, this is the well-known function of chancery, and there is not in our legal annals the slightest intimation that it can be performed by any other tribunal. If this court can entertain judicial cognizance over the present deed, devoting these lands to charitable uses, so it can in every case, no matter how complicated and intricate the trusts may be, and certainly, by such a course, the boundaries that have heretofore separated in a very distinct manner our system of law from that of equity, would be thrown into confusion. Nor would such a transformation of our legal institutions be an advantage in the administration of our laws. It has always been the settled conviction of the jurists of this state that the subjects of trusts should be confided to a court of equity, and there seems to be less reason for the transference to a common law court of a jurisdiction over charitable uses than of any other class of equitable interests. I think it not only the settled rule of our law, but that it should be the settled rule that it is only the legal estate, either in the trustee or in his grantee, that this court will take notice of and enforce.

With respect to the argument that was so much pressed on the argument, that in case of these public interests the practice in this state has been for the courts of law to recognize and protect such rights, in my opinion the argument is unfounded. In all the cases cited, it was the legal right, and not the equitable right, that was dealt with. Thus, in all the numerous decisions referred to, in which it was held that when lands came to the use of the public by dedication, the

effect was to vest the legal right of possession in the public body, and consequently such right would support an action of ejectment by the corporate body representing the public. There has never been any pretence in such proceedings to adjust or enforce any equitable interest.

It follows that the legal title to these premises having been in the trustee, the plaintiff in the action, no suit will lie in a court of law against its alienee.

The judgment of nonsuit must be sustained.